OSCN Found Document:RE RULES OF THE JUDICIAL ETHICS ADVISORY PANEL

 

 
 

 
 RE RULES OF THE JUDICIAL ETHICS ADVISORY PANEL
2020 OK 33
Decided: 05/11/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 33, __ P.3d __

 

RE: Rules of the Judicial Ethics Advisory Panel Title 5 O.S. Chap 1, App. 4D

ORDER

Pursuant to the administrative authority vested in this Court by Article 7, Section 6 of the Oklahoma Constitution and the rule making authority of this Court as provided in Title 20 O.S. 2011, Section 24, the Court hereby adopts the Rules of the Judicial Ethics Advisory Panel which are set forth on the attached Exhibit. These rules will take effect immediately and shall supersede the Order issued on June 22, 2015 by administrative order number SCAD-2015-54.

These rules shall appear one time in the Oklahoma Bar Journal, and these rules shall be released for publication in the permanent law reports, to be codified in the Oklahoma Statutes at Title 5, Chapter 1, Appendix 4D.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 11th DAY OF MAY, 2020.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

Â 

Exhibit

Title 5
Chapter 1
Appendix 4D - Rules of the Judicial Ethics Advisory Panel

Preamble.

The Judicial Ethics Advisory Panel was established in February of 1998 by SCAD No. 1998-1 pursuant to the administrative authority vested in the Supreme Court by Article 7, Section 6 of the Oklahoma Constitution and the rule making authority of the Supreme Court as provided in Title 20 O.S. Â§ 24. The Rules for the three-member advisory panel were found at 5 O.S. Supp. 1998, ch.1, App. 4, Application of the Code of Judicial Conduct (G). In June of 2015, the Panel was restructured by SCAD No. 2015-54. The modifications to the Judicial Ethics Advisory Panel were promulgated to increase the number of active members to 5, to memorialize the work and duties of the panel after the adoption of the new Code of Judicial Conduct effective April 15, 2011, and to ratify and affirm the authority of the advisory panel to issue advisory opinions from 1998 to the present. The rules adopted here are intended to establish a readily available published reference to preserve the work of this important body.

Rule 1.

The Judicial Ethics Advisory Panel serves as an advisory committee for justices, judges, retired or active retired judges, and bona fide candidates for judicial office seeking opinions concerning the compliance of an intended future course of conduct with the Code of Judicial Conduct.

Rule 2.

The advisory panel shall consist of no more than five (5) retired justices and/or retired district or associate judges who shall be appointed by the Chief Justice to serve five-year terms on the panel. A chairperson and vice-chair person shall be elected by the members of the advisory panel.

Rule 3.

Nothing shall prevent a member of the advisory panel from serving successive terms if approved by the Chief Justice. In the event a vacancy on the advisory panel occurs for any reason, the person appointed as a successor member will be appointed to fill the unexpired term of the former member. Members of the advisory panel shall be reimbursed mileage in accordance with 20 O.S. 2011 Â§ 1104B.

Rule 4.

The Administrative Director of the Court is directed to provide the panel with access to office space and administrative assistance sufficient to meet the needs and requirements of the panel.

Rule 5.

A request for a Judicial Ethics Advisory Panel opinion shall be directed by a requesting party to the Clerk of the Appellate Courts who shall forward the request to the advisory panel if the requirements of this rule are satisfied. Requests will be accepted only from presently elected or appointed justices or judges, active retired judges or retired judges, or any bona fide candidate for judicial office. The term "requesting party" as used in the Rules of the Judicial Ethics Advisory Panel shall mean justices, judges, retired or active retired judges, and bona fide candidates for judicial office.

Rule 6.

A request for a Judicial Ethics Advisory Panel opinion shall relate to prospective conduct only and shall contain a complete statement of all facts pertaining to the intended conduct together with a clear, concise question of judicial ethics. The identity of the requesting party whose proposed conduct is the subject of the request shall be disclosed to the panel. The requesting party shall include with the request a memorandum including and referencing any research or opinions concerning the question and the particular judicial canon in question. Requests shall not be accepted or referred for opinion unless accompanied by the required memorandum.

Rule 7.

Advisory opinions shall address only whether an intended, future course of conduct violates the Code of Judicial Conduct and shall provide an interpretation of the Code with regard to the factual situation presented. The opinion shall not address issues of law nor shall it address the ethical propriety of past or present conduct. The identity of the requesting party shall not be disclosed in the opinion.

Rule 8.

The Clerk shall provide a copy of each advisory opinion to the requesting party, the Chief Justice, the Council on Judicial Complaints, and the Administrative Director of the Court. The Clerk shall keep the original opinion in a permanent file. A compilation of the opinions by year shall be published on OSCN.

Rule 9:

The fact that a judge or candidate for judicial office has requested and relies upon an advisory opinion may be taken into account by the Council on Judicial Complaints in its disposition of complaints and in determining whether to recommend to the statutorily authorized person or entity discipline of a judge or judicial candidate. The advisory opinion shall not be binding on the Supreme Court, the Council on Judicial Complaints, or Court on the Judiciary in the exercise of their judicial discipline responsibilities.

Â